

MINUTE ENTRY
CHASEZ, M.J.
JULY 25, 2003

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ENGINEERING DYNAMICS, INC.                CIVIL ACTION

VERSUS                                    NUMBER: 89-1655

STRUCTURAL SOFTWARE, INC., ET AL.         SECTION: "S"(5)

### ORDER AND REASONS

On March 31, 2003, the Court entered judgment in the above captioned matter. Presently before the Court is the motion of plaintiff to amend that judgment and/or for a new trial. (Rec. doc. 328). The Court denies the motion for a new trial but does amend the judgment for the following reasons:

Plaintiff has sought amendment of the judgment to provide for legal interest from the date of the original judgment. On September 11, 1991, pursuant to Rec. doc. # 133, this Court entered judgment which provided that defendant, SSI, "pay the sum of $250,000 to Plaintiff, EDI, as actual damages with interest at the

DATE OF ENTRY
JUL 2 8 2003

rate provided by law, from the date of entry of this judgment." The Court agrees that similar wording should be included in the most recent judgment of the Court and will amend the judgment to so provide.

Plaintiff further sought amendment of the judgment to provide for the inclusion of certain costs awarded by Judge Beer, pursuant to Rec. Doc. # 188, in the amount of $28,044.61. As this does not appear to be in controversy, the Court will so amend the judgment.

Plaintiff likewise seeks an award of costs for the remand proceedings and an award of attorneys' fees to EDI as the prevailing party. The Court declines to amend the judgment to make an award on either of these issues for the following reasons:

Defendant has correctly pointed out that EDI has not prevailed on any issue which it raised in connection with the remand of this matter. Significantly, EDI has presented the Court with a statement for fees and costs subsequent to the remand by the Fifth Circuit. Nothing has been furnished with regard to attorneys fees incurred prior to that time.

Defendant has brought to the attention of the Court that attorneys fees were not awarded by Judge Beer in connection with that prior judgment, apparently because EDI admitted in its post trial brief filed on April 12, 1991 that it failed to meet the requirements under the Copyright Act in order to collect attorney's fees. Specifically, at page 58, footnote 27, EDI acknowledged that "[i]n order to collect statutory damages and attorney's fees [under the Copyright Act] ... the plaintiff [must] register its copyright

no later than three months after the first publication [of the infringed material]."  EDI conceded thereafter that it had failed to meet this requirement and was precluded from electing to receive statutory damages and attorneys' fees under the Copyright Act.  See also 17 U.S.C. 412; Mason v. Montgomery Data, Inc., 967 F.2d 135, 143 (5th Cir. 1992).

Based upon this admission and upon the fact that plaintiff has not prevailed at the current stage of the proceedings, the Court declines to award attorneys' fees or costs on the remand of this matter to the plaintiff.

In defendants' brief filed on June 6, 2003 (Rec. doc. 336), defendants ask for attorneys' fees and costs for the remand. Plaintiff incorrectly asserts that defendants have not prevailed at this stage of matters.  Plaintiff has come out of the remand with nothing more than it had going into it.  Furthermore, defendants did not attempt to lessen the original dollar award of Judge Beer on the remand but rather asked that this award be re-instated.

Plaintiff further asserts that defendants have not timely asked for attorneys' fees pursuant to Rule 54(d).  Nor has a motion addressing this issue been lodged with the Court.

Federal Rule of Civil Procedure 54(d)(2) provides in pertinent part as follows:

> (2) **Attorneys' Fees.**
> (A) Claims for attorneys' fees and related nontaxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial.

3

> **(B)** Unless otherwise provided by statute or order of the court, the motion must be filed no later than 14 days after entry of judgment; must specify the judgment and the statute, rule, or other grounds entitling the moving party to the award; and must state the amount or provide a fair estimate of the amount sought. ...

The Court concurs that defendants have not lodged a formal motion directed to the issue of attorneys' fees. However, the Court does not agree that the issue has been foreclosed based upon defendants' failure to file a motion within fourteen days of the date the original judgment was issued. There is jurisprudence supportive of the proposition that, if defendants lodge such a motion within 14 days of the date that the Court rules on the current pending motions, same would, indeed, be timely. Weyant v. Okst, 198 F.3d 311, 314-15 (2d Cir. 1999). However, as the Court does not have this issue properly before it at the present time, there is no need to opine on whether defendants are entitled to attorneys' fees or not. However, it is appropriate that the Court make an award of costs in connection with the remand and does so in favor of defendants.

Lastly, plaintiff has sought an amendment of the damages awarded by the Court to increase same. The Court spent significant time dealing with this matter at the time the original Order and Reasons were issued. The Court has heard nothing new in counsel's arguments which require an amendment of the amount awarded. The Court is convinced that EDI'S lost profits were factored into the award made by Judge Beer and the Court sees no reason to further

4

amend the quantum assessed.

                                                    */s/ Alma L. Chasez*
                                                  ALMA L. CHASEZ
                                        UNITED STATES MAGISTRATE JUDGE